Totten, J.
delivered the opinion of the court.
The action is forcible, entry and detainer to recover possession of the house and premises described in the writ. After a trial before the justices, it was taken to the circuit court of Benton, where a trial de novo was had, which resulted in a verdict and judgment for the plaintiff. The defendant has appealed in error to this court, and various errors are here assigned, in argument, for which, it is insisted that the judgment should be reversed.
*505 1. That there was no written “complaint” filed as required by the act of 1821, ch. 14, descriptive of the premises and the injury alleged to be done to the possession.
It is true, that such was the practice "under the act referred to; the description of the plaintiff’s right and the injury thereto, contained in the written complaint required to be filed with the justice for the purpose of procuring the writ, was not carried into the writ issued against - the defendant, nor into the summons for the jurors. Under this act, the written complaint was, therefore, a very material part of the proceedings, as it alone, contained a description, in the nature of a declaration, of the injury complained of, and the certainty required in this description, is stated aqd defined in Turner vs. Lumbrick, Meigs’ R. 10.
'But the act of 1842, ch. 86, changes, very materially, the practice in this action. Its object evidently is, to simplify it and make it less expensive. It dispenses with the jury, describes particularly the mode of proceeding as to the warrant, judgment and writ of possession, and gives to the circuit court concurrent jurisdiction with the justices. This act does not require any written complaint to be filed with the justice and it would be inapplicable to the practice in the circuit court, which now has original jurisdiction of the subject. That which was required to be stated in the written complaint, is now required to be stated in the warrant, that is, the matter of the complaint is incorporated in the warrant. If the action be in the circuit court then the declaration will contain the matter of complaint in conformity with the practice of the court. In the case now before us, it has not been pretended, that *506 the warrant does not contain the necessary description and averments as to the premises, the possession and the injury complained of.
2. It is said that the circuit court erred in sustaining the demurrer to the plea in abatement. This plea alleged the pendency of an action of ejectment between the same parties and for redress of the same injury. It was filed in the first instance, in the circuit court, not having been filed before the justices. “Pleas in abatement are allowed stricli juris, and no latitude in practice is extended to them; they must always be filed in a right time, in right form, and properly verified before the court will entertain them.” See Grove vs. Campbell, 9 Yer. 10; 1 Comyn’s Dig,, title abatement.
Waiving any objection to the time of filing this plea, yet it is a sufficient answer to say, that it is imperfect in its form; its matter is in abatement, but its commencement and conclusion are in bar. See 1 Comyn’s Dig., abatement; 1 Chitty’s Pl., 904. But we are not now prepared to say that if the plea had been good in form, it would be a good matter in abatement in such 8i CdiSCi
3. It is said the court erred in permitting certain title papers to be read to the jury. This is not objectionable, when we consider, that his Honor, the judge, stated distinctly to the jury, in giving his charge to them, that they could not enquire into the title, but only into the possession, and that the title papers had been permitted to be read to them only to show the character of the holding of the parties.
And finally, in view of the evidence contained in the record, we are entirely satisfied that the verdict was a proper one, and order the judgment thereon to be affirmed.